Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Holly M. Zoe (#033333)
hzoe@dickinsonwright.com
DICKINSON WRIGHT PLLC
1850 N. Central Ave., Suite 1400
Phoenix, Arizona 85004-4568
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
[Firm Email:  courtdocs@dickinsonwright.com]
*Attorneys for Defendant/Counterclaimant*
*Multitracks.com, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Copyright Licensing International, LLC, | Case No.: 2:23-cv-00368-DWL |
| Plaintiff, | **DEFENDANT MULTITRACKS.COM, LLC'S ANSWER AND COUNTERCLAIM** |
| v. | |
| Multitracks.com, LLC, | |
| Defendant. | |
| Multitracks.com, LLC, | |
| Counterclaimaint, | |
| v. | |
| Christian Copyright Licensing International, LLC, | |
| Counterdefendant. | |

For its Answer to Plaintiff's Complaint, Defendant Multitracks.com, LLC ("Multitracks") admits, denies, and affirmatively alleges as follows:

- 1 -

1. Defendant disputes that it initiated the subject litigation. Defendant denies that it is trying to "disrupt" Plaintiff's business. Defendant denies that it has "forced" any one to initiate litigation. Accordingly, Defendant denies the allegations contained in Paragraph 1 of the Complaint and affirmatively alleges that the Panel empowered by FORUM, the neutral dispute resolution company accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN") to administer disputes, FORUM, has determined that Plaintiff (and its agents) have acted in bad faith, have engaged in "cybersquatting," and have appropriated a top level domain name that infringes upon Defendant's rights in the trademark "MULTITRACKS.COM."

2. Defendant lacks sufficient information to admit the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant admits the allegations contained Paragraph 3 of the Complaint.

4. Defendant admits that this Court has subject matter jurisdiction over this matter, but denies that Plaintiff has framed a non-frivolous, justiciable controversy.

5. Defendant admits the allegations contained Paragraph 5 of the Complaint.

6. Defendant lacks sufficient information to admit the first sentence of Paragraph 6 of the Complaint, and therefore denies the same. Defendant lacks information and knowledge regarding the terms of any licenses offered by Plaintiff, and therefore denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the first sentence of Paragraph 7 of the Complaint. Defendant lacks sufficient information to admit the remaining allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant denies that the word "Multitracks" is a generic term defined as alleged in Paragraph 8 of the Complaint, and therefore denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient information regarding the statistical probability of the use of multiple audio tracks to reflect separate instruments, and therefore denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the use of the word "Multitracks" (comprising a component of Defendant's composite mark) in the manner hypothesized in the Complaint, and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies that its business roots trace back to Les Paul, and denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies that the word "multitracking" has been appropriated within the modern sound recording community in the manner implied by Paragraph 12 of the Complaint. Accordingly, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegation contained in Paragraph 13 of the Complaint, and affirmatively alleges that it is misleading. In point of fact, the Merriam-Webster Dictionary defines "multitrack" as "having, using, or involving more than one track," and provides as its first example of such definition "a multitrack railway." Merriam-Webster's second example has nothing to do with physical "tracks" at all: "in multi-track schools, students are split into four groups--called tracks--that followed different schedules." Defendant further affirmatively alleges that the Merriam-Webster Dictionary does *not* contain any definition for Defendant's actual trademark: "Multitracks.com." In any event, Defendant affirmatively alleges that the trademark at issue in the WIPO proceeding was *not* "multitracks," but was instead "MULTITRACKS.COM," for which Plaintiff cites *no* "dictionary definition."

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

4890-8855-3309 v1 [95994-1500]

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies that the appropriation and use of the domain name multitrack.com did anything but knowingly infringe on Defendant's trademarks, but admits that Plaintiff has engaged in "initial interest confusion" by luring users of the internet to believe they are visiting Defendant's website by appropriating and using a confusingly similar domain name to target such users and compete with Defendant. Indeed, the FORUM Panel expressly found that Plaintiff "acquired the [multitrack.com] domain name primarily in order to redirect website traffic from multitrack.com to loopcommunity.com. This traffic would be likely to include consumers seeking Complainant's business."

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies that Paragraph 27 accurately reflects any congressional "concern," and therefore denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the intent attributed to Congress in Paragraph 28 the Complaint, and therefore denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies that MULTITRACKS.COM is merely the Defendant's "company domain name." Instead, for more than 15 years, MULTITRACKS.COM has operated as a source designator for the goods and services offered by Defendant, and

therefore, by definition constitutes its trademark.  Any other allegation contained in Paragraph 30 is denied.

31. Defendant denies that Paragraph 31 accurately reflects the totality of a Defendant's website, and therefore denies the misleading characterization of its website containing Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the first sentence of Paragraph 33 of the Complaint except to admit that the date of the filing of its successful complaint against Plaintiff with FORUM is correct.  Defendant further admits that its Uniform Domain Name Dispute Resolution Procedure Complaint was successful, and that the FORUM Panel ordered the domain name Multitrack.com to be transferred to Defendant as a result of Plaintiff's manifest bad faith.

34. Defendant admits that it has trademark rights in "MULTITRACKS CLOUD," "MULTITRACKS STREAMING," and MULTITRACKS.COM, but denies that those trademarks are "purported."  Instead, Defendant affirmatively alleges that the mark MULTITRACKS CLOUD has been registered on the Supplemental Register of the United States Patent and Trademark Office since 2015.

35. Defendant admits that its trademarks are not registered are not yet registered on the Principal Register of the United States Patent and Trademark Office, but denies its trademarks are "purported." Defendant further affirmatively alleges that its trademark MULTITRACKS CLOUD has been registered on the Supplemental Register of the United States Patent and Trademark Office. Any other allegations contained in Paragraph 35 the Complaint are denied.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint, and affirmatively alleges that the USPTO did not issue any "Final Refusal" of any application for the MULTITRACKS CLOUD trademark.

- 5 -

4890-8855-3309 v1 [95994-1500]

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, and affirmatively alleges that the USPTO did not issue any "Final Refusal" of any application for the MULTITRACKS STREAMING trademark.

38. Defendant admits that the USPTO has not refused registration of Defendant's trademark, MULTITRACKS.COM.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies that it is "claiming rights it has not established," but admits that Plaintiff has "registered and used the domain name Multitrack.com in bad faith."

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint and affirmatively alleges that FORUM Panel detailed, twenty-two page Ruling was correct in all substantive respects.

**COUNT I**

47. Defendant incorporates by reference its prior admissions, denials, an affirmative allegations as if fully set forth herein.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint except to deny that any rights are merely "purported."

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 the Complaint, and affirmatively alleges that Plaintiff's claims are frivolous and brought in bad faith.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

**COUNT II**

52. Defendant incorporates by reference its foregoing admissions, denials, and affirmative allegations as if fully set forth herein.

53. Defendant admits the allegations contained in Paragraph 53 of the Complaint except to deny that any of its established rights are merely "purported."

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure in that it does not assert plausible facts giving rise to a claim for relief. Accordingly, Defendant denies Paragraph 57 of the Complaint.

58. Any allegation of the Complaint not expressly admitted is denied.

**AFFIRMATIVE DEFENSES**

59. For its first affirmative defense, Defendant asserts that Plaintiff has failed to state a claim for which relief may be granted.

60. For its second affirmative defense, Defendant asserts that Plaintiff's claim is barred by the applicable statutes of limitation or the doctrine of laches given the delay by more than one decade in pursuing any claim related to Defendant's marks.

61. For its third affirmative defense, Defendant asserts the doctrine of unclean hands and/or *in pari delicto*.

62. For its fourth affirmative defense, Defendant asserts that it has waived its claims.

63. For its fifth affirmative defense, Defendant asserts prior breach.

64. For its sixth affirmative defense, Defendant asserts lack of standing.

65. For its seventh affirmative defense, Defendant asserts lack of capacity and/or failure to name the real party in interest.

66.     For its eight affirmative defense, Defendant asserts equitable estoppel.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests the Court entered judgment in its favor and against Plaintiff as follows:

    A.     Dismissing Plaintiff's claims with prejudice;

    B.     Awarding Plaintiff nothing thereon;

    C.     Awarding the Defendant its attorneys' fees and costs incurred herein; and

    D.     Awarding any other relief the Court deems appropriate.

## COUNTERCLAIM

For its Counterclaim against Christian Copyright Licensing International, LLC, Multitracks.com, LLC alleges as follows:

1.     Multitracks.com, LLC ("Multitracks") is a Texas limited liability company with its principal place in Texas.

2.     Christian Copyright Licensing International, LLC ("CCLI, LLC") purports to be an Oregon Limited Liability Company domiciled in Washington. However, it does not appear that CCLI, LLC has actually registered as a foreign limited liability company in the State of Washington.

3.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 15 U.S.C. § 1125.

4.     Since 2012, Multitracks has used the trademark MULTITRACKS.COM to designate the source of its goods or services including digital resources for worship teams' use in their rehearsals and performances.

5.     Multitracks has also broadly marketed and advertised its goods and services internationally using the MUTLITRACKS.COM trademark: it regularly advertises in worship industry publications, it has advertised its trademark at the "Dove Awards" (regarded as the "Grammys of Christian Music"), and it has publicized interviews through the use of its trademark.

- 8 -

6. Multitracks has used its MULTITRACKS.COM trademark to drive more than 60,000 persons to view videos of performers on its "MultiTracks Sessions" section of its MULTITRACKS.COM Youtube Channel.

7. Indeed, Multitracks has used the MULTITRACKS.COM trademark to develop substantial goodwill and recognition in the marketplace, such that it has more than 300,000 registered users who recognize MULTITRACKS.COM to be the source of origin of Counterclaimant's goods and services.

8. CCLI, LLC has admitted using or trafficking in the domain name "multitrack.com" (the "Domain Name") since 2021.

## COUNT ONE

## (Violation of 15 U.S.C. § 1125)

9. Counterclaimant incorporates by reference the foregoing allegations as if set forth herein.

10. CCLI, LLC uses and traffics in the Domain Name with a bad faith intent.

11. CCLI, LLC's use or trafficking in the Domain Name was, upon information and belief, designed and intended to create confusion. Indeed, as the FORUM Panel determined, CCLI, LLC "used the [D]omain [N]ame to redirect traffic to loopcommunity.com, where [CCLI, LLC] offers goods and services in direct competition with" Counterclaimant.

12. CCLI, LLC had, as determined by the FORUM Panel, a bad faith intent to profit from Counterclaimant's trademark through its use or trafficking in the Domain Name.

13. CCLI, LLC had no prior use of the Domain Name in connection with the bona fide offering of any goods or services.

14. Instead, CCLI, LLC is using the Domain Name to divert consumers from Multitracks' online location for commercial gain and to damage the goodwill of Multitracks.

15. CCLI, LLC's use or trafficking in the Domain Name causes a likelihood of confusion and further diminishes Multitracks' goodwill.

16. The Domain Name is confusingly similar to Counterclaimant's MULTIRACKS.COM trademark, and upon information and belief, consumers have been actually confused.

17. Counterclaimant has suffered damages as a result of CCLI, LLC's conduct complained of herein.

18. Upon information and belief, the conduct of CCLI, LLC was willful.

WHEREFORE, Counterclaimant requests that the Court enter Judgment in its favor and against Counterdefendant as follows:

A. Awarding Counterclaimant damages in an amount to be proven at trial.

B. Ordering that the Domain Name be forfeited to Counterclaimant;

C. Awarding Counterclaimant its reasonable attorneys' fees and costs;

D. Awarding any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 11th day of April, 2023.

DICKINSON WRIGHT, PLLC

By: /s/ Scot L. Claus
Scot L. Claus
Holly M. Zoe
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
**Attorneys for Defendant/Counterclaimant Multitracks.com**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 11, 2023, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Sheila Rath*